UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ANTHONY J. SEMONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-cv-00089-KMB-JMS |
| | ) |
| SCOTT COUNTY EMS, | ) |
| RHN SCOTT MEMORIAL HOSPITAL, LLC, | ) |
| SCOTT COUNTY SHERIFF'S OFFICE, | ) |
| SCOTT COUNTY, INDIANA, | ) |
| ERIN BUNDY, | ) |
| LAUREN ROBERTS, | ) |
| ZACHARY BROWN, | ) |
| SHANE AVERY, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| INDIANA ATTORNEY GENERAL TOOD ROKITA, | ) |
| | ) |
| Intervenor. | ) |

## ORDER ON DEFENDANT RHN SCOTT MEMORIAL HOSPITAL, LLC'S PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Presently pending before the Court is Defendant Scott Memorial Hospital, LLC's (the "Hospital") Partial Motion to Dismiss Plaintiff Anthony Semones' Second Amended Complaint for lack of subject matter jurisdiction. [Dkt. 42.] The other Defendants in this case—Scott County, Scott County EMS ("EMS"), and Scott County Sheriff's Office—have not moved to dismiss Mr. Semones' operative complaint. Accordingly, for purposes of the present Motion, the Court only considers Mr. Semones' claims and allegations as they apply to the claims that the Hospital is moving to dismiss. For the reasons detailed below, the Court grants the Hospital's Partial Motion to Dismiss. [Dkt. 42.]

## I. RELEVANT BACKGROUND

Mr. Semones alleges the following facts in his Second Amended Complaint, [dkt. 31], which the Court accept as true for purposes of deciding the Hospital's Partial Motion to Dismiss, [dkt. 42].

On October 9, 2021, Mr. Semones went camping with some friends in Scott County, Indiana. [Dkt. 31 at ¶ 13.] After lunch, Mr. Semones began feeling ill and experienced diarrhea throughout the afternoon. [*Id.* at ¶ 14.] At some point in the day, he started to feel faint, so a nearby camper—who claimed to be a nurse—began to assist Mr. Semones. [*Id.* at ¶ 15.] She told Mr. Semones that he needed an ambulance, but Mr. Semones refused. [*Id.*] Nevertheless, the camper directed another individual to call an ambulance. [*Id.*]

EMS personnel arrived on scene in the early evening of October 9, 2021. [*Id.* at ¶ 16.] They offered medical assistance and transportation to the hospital, but again, Mr. Semones refused. [*Id.* at ¶ 17.] Despite his objections, EMS personnel forced Mr. Semones onto a stretcher and strapped him down. [*Id.* at ¶ 18.] While he was restrained, EMS personnel sedated Mr. Semones and transported him to the Hospital unconscious. [*Id.* at ¶ 19.] The Hospital admitted Mr. Semones through the emergency department. [*Id.* at ¶ 22.] Mr. Semones alleges that the Hospital had been advised and was aware that he had refused treatment. [*Id.* at ¶ 23.] The Hospital treated Mr. Semones and detained him until the early morning of October 10, 2021. [*Id.* at ¶ 23- 24.] Mr. Semones alleges that employees or agents of the Hospital administered unknown medication to Mr. Semones over his objection. [*Id.* at ¶ 25.]

Mr. Semones alleges that he experienced physical and psychological trauma because of these events. [*Id.* at ¶ 26.] He asserts the following claims against the Hospital: negligence,

battery, conversion,[1] and false imprisonment. [*Id.* at 5-7.] The Hospital has moved to dismiss the claims for negligence, battery, and false imprisonment for lack of subject matter jurisdiction. [Dkt. 42.]

## II. APPLICABLE STANDARD

"Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a claim for lack of subject matter jurisdiction." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). When considering a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all well-pleaded allegations in the complaint and draws all reasonable inferences in favor of the plaintiff. *Citadel Secs., LLC v. Chicago Bd. Options Exch., Inc.*, 808 F.3d 694, 698 (7th Cir. 2015).[2]

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Gocke v. Comer*, 2007 WL 670961, at *1 (S.D. Ind. Feb. 28, 2007) (internal quotation marks omitted) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). The party invoking the Court's jurisdiction has "the burden of supporting its jurisdiction allegations by 'competent proof.'" *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 237 (7th Cir. 1995) (quoting *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)).

---

[1] In the conversion claim, Mr. Semones alleges that the Hospital took his wallet and other personal property. [Dkt. 31 at ¶ 24.] The Hospital has not moved to dismiss Mr. Semones' conversion claim because "it does not obviously involve a health care decision involving the exercise of professional skill or judgment." [Dkt. 43 at n. 4.] Accordingly, the Court does not address that claim, and it remains pending against the Hospital.

[2] The Court accepts all of Mr. Semones' allegations as true and need not look beyond the allegations in his operative complaint to rule on the pending motion. Thus, the Court has not considered the Hospital's exhibits, [dkts. 43-1, 43-2, 43-3], or Mr. Semones' affidavit, [dkt. 45-1], in deciding the pending motion. Accordingly, the Court denies Mr. Semones' cursory request for an evidentiary hearing as unnecessary. [Dkt. 45 at 12.]

### III.     ANALYSIS[3]

The Hospital argues that this Court cannot adjudicate Mr. Semones' negligence, battery, and false imprisonment claims against it. [Dkt. 43 at 4.] Specifically, the Hospital claims that under the Indiana Medical Malpractice Act (the "MMA"), the Court may not adjudicate a medical malpractice claim against a qualified medical provider before the plaintiff has filed a proposed complaint with the Indiana Department of Insurance (the "IDOI") and a medical review panel has issued an opinion on the claim. [*Id.*] The Hospital argues that Mr. Semones' negligence, battery, and false imprisonment claims fall under the MMA because they arise from Mr. Semones' emergency medical treatment at the Hospital. [*Id.* at 5-6.] The Hospital claims that Mr. Semones did not file a complaint with the IDOI and that a medical review panel did not issue an opinion on these claims before Mr. Semones filed in this Court. [*Id.* at 7-8.] Because Mr. Semones did not follow this procedure under the MMA, the Hospital concludes that this Court lacks jurisdiction over these three claims. [*Id.* at 9.]

In response, Mr. Semones does not dispute that the Hospital is a qualified medical provider under the MMA.[4] He also does not dispute that he did not file a complaint with the IDOI as

---

[3] The Indiana Attorney General (the "AG") filed a Motion to Intervene in this case because Mr. Semones "challenges Defendants' interpretation of Ind. Code § 16-36-1-4(b)(2), and argues that Defendants' interpretation of the statute would render it unconstitutional." [Dkt. 70 at 1.] The Court granted the AG's motion and allowed it to intervene to defend the constitutionality of the challenged statute, ordering that any position statement be filed by the AG no later than March 23, 2023. [Dkt. 71.] While the AG did not file a position statement, the Court need not interpret the statute at issue to render its decision herein; thus, Mr. Semones' arguments regarding that statute's constitutionality will not be addressed.

[4] The Court takes judicial notice that the Hospital is a qualified medical provider under the MMA. *See* Indiana Patient's Compensation Fund, available at www.indianapcf.com/ProviderMaintenance.aspx ("Search for Health Care Provider" function confirming that the Hospital is registered) (last viewed April 10, 2023); *see also Anderson v. Simon*, 217 F.3d 472, 475 (7th Cir. 2000) (finding that when deciding a motion to dismiss, "a district court may take judicial notice of matters of public record").

4

required by the MMA for medical malpractice claims before they are adjudicated in court. Instead, Mr. Semones argues that because he did not consent to the treatment he received from the Hospital, the MMA is inapplicable because the professional skill, expertise, and judgment of the Hospital is irrelevant. [Dkt. 45 at 4.] Mr. Semones contends that "the issue is not whether a particular treatment or procedure was appropriate during the course of treatment, it is whether, after an individual clearly and unambiguously refuses treatment, a medical professional can forcibly commence medical treatment without consent of any kind." [*Id.* (emphasis omitted).] Mr. Semones believes that because he did not consent to any treatment by the Hospital, the "medical judgment of the treating physicians is entirely immaterial" and he did not need to comply with the MMA. [*Id.* at 6.]

In reply, the Hospital argues that the question of whether consent was required to treat Mr. Semones in this circumstance directly implicates a medical professional's use of knowledge, training, and experience in the provision of health care. [*Id.* at 2-3.] While a medical review panel may ultimately decide that it was the Hospital's duty to obtain consent from Mr. Semones and that it breached its duty by failing to do so, "the issue itself is still one for the panel's consideration and expert opinion." [*Id.* at 3.] Accordingly, the Hospital's position remains that the Court does not have subject matter jurisdiction because Mr. Semones' claims should have first been presented to the IDOI and a medical review panel as required by the MMA.

The Court agrees with the Parties that whether it can adjudicate Mr. Semones' negligence, battery, and false imprisonment claims depends on whether these claims constitute medical malpractice claims within the purview of the MMA. Under the MMA, malpractice is "a tort or breach of contract based on health care or professional services that were provided, or that should have been provided, by a health care provider, to a patient." Ind. Code § 34-18-2-18. The MMA

5

defines health care as "an act or treatment performed or furnished, or that should have been performed or furnished, by a health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement."  Ind. Code § 34-18-2-13.

The MMA "neither specifically includes nor excludes intentional torts from the definition of malpractice." *Van Sice v. Sentany*, 595 N.E.2d 264, 266 (Ind. Ct. App. 1992).  It "applies to conduct, curative or salutary in nature, by a health care provider acting in his or her professional capacity, and is designed to exclude only that conduct unrelated to the promotion of a patient's health or the provider's exercise of professional expertise, skill, or judgment."  *Id.* (internal quotation marks and citations omitted).  Thus, "[w]hen deciding whether a claim falls under the provisions of the [MMA], [a court is] guided by the substance of a claim to determine the applicability of the [MMA]."  *Terry v. Community Health Network, Inc.*, 17 N.E.3d 389, 393 (Ind. Ct. App. 2014) (internal quotation marks omitted).  And when "determining whether a claim sounds in medical malpractice[,] the test is whether the claim is based on the provider's behavior or practices while acting in his professional capacity as a provider of medical services."  *Estate of O'Neal ex rel. Newkirk v. Bethlehem Woods Nursing and Rehab. Ctr., LLC*, 878 N.E.2d 303, 311 (Ind. Ct. App. 2007) (internal quotation marks omitted).

The Court agrees with the Hospital that Mr. Semones' claims at issue clearly relate to the Hospital's treatment and professional medical judgment in treating him, which are hallmarks of quintessential medical malpractice claims that must first be presented to the IDOI pursuant to the MMA.  Mr. Semones' operative complaint unambiguously alleges that he was transported to the Hospital "unconscious" by EMS personnel, [dkt. 31 at ¶¶ 18-19], after becoming ill, experiencing diarrhea, and feeling faint, [*id.* at ¶ 14].  While Mr. Semones challenges the propriety of EMS's decision to allegedly sedate and transport him, the Hospital is a separate entity against which he

makes separate claims, and Mr. Semones clearly admits that he arrived at the Hospital "unconscious."[5] [*Id.* at ¶¶ 18-19.]

The MMA's definition of health care is broad and certainly encompasses the Hospital's alleged actions here. *See* Ind. Code § 34-18-2-13. It is difficult to understand how a qualified medical provider receiving and triaging an unconscious patient at a hospital would not involve the provider exercising professional expertise, skill, or judgment. *Van Sice*, 595 N.E.2d at 266; *see also M.V. v. Charter Terre Haute Behavioral Health Sys., Inc.*, 712 N.E.2d 1064, 1066 (Ind. Ct. App. 1999) (concluding that actions "such as admitting M.V. as a patient; requesting him to put on a hospital gown; ordering him to sleep on a thin mattress on the floor as a suicide watch; and requiring him to take medication are professional judgments made by health care providers"); *State v. Eichhorst*, 879 N.E.2d 1144, 1149 (Ind. Ct. App. 2008) (emphasizing that the decision to not treat a patient who refuses treatment in an emergency "put[s] physicians in a quandary [because i]f a physician accepts the patient's refusal, the physician runs the risk of incurring malpractice liability for failing to provide necessary treatment."). In fact, the Hospital may have had a duty to examine Mr. Semones when he was presented to its emergency department. *See* Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd (federal statute requiring hospital emergency department to provide "an appropriate medical screening examination within the capability of the hospital's emergency department . . . ."). Mr. Semones cannot circumvent the requirements of the MMA by arguing that he was treated against his will

---

[5] While the Court relies solely on the allegations in Mr. Semones' operative complaint, it notes that an affidavit that he submitted in support of his response brief again confirms the key point that he was unconscious when he arrived at the Hospital. [*See* dkt. 45-1 at 2 ("In the ambulance, the EMS personnel gave me unknown medications through my IV and I lost consciousness almost immediately. . . . I awoke in the hospital.").]

7

after arriving at the Hospital unconscious, especially considering that he admits he was discharged only hours later. [Dkt. 31 at 3-4.]

Mr. Semones' reliance on *Collins v. Thakkar* is misplaced. 552 N.E.2d 507 (Ind. Ct. App. 1990). Mr. Semones claims that *Collins* "narrowly construed the [MMA] to exclude unauthorized treatments," [dkt. 45 at 5], but "[i]n *Collins*, . . . [the Indiana Court of Appeals] reversed the dismissal of a patient's complaint against a qualified health care provider because the acts alleged in the complaint were *unrelated to health care services*." *Van Sice*, 595 N.E.2d at 265 (emphasis added). As already detailed above, Mr. Semones' allegations against the Hospital in this litigation clearly relate to health care services it provided to him after he was transported to its facility unconscious—thus, they fall within the purview of the MMA.

For these reasons, the Court concludes that Mr. Semones' negligence, battery, and false imprisonment claims against the Hospital fall within the MMA, which requires that before a party may commence a medical malpractice action against a qualified medical provider in court, "'the party's proposed complaint must first be presented to a medical review panel through the [IDOI], and the panel must render an opinion as to whether the defendant failed to act within the appropriate standard of care.'" *Welborn v. Ethicon Inc.*, 2022 WL 17600302, at *1 (N.D. Ind. Dec. 12, 2022) (quoting *Lorenz v. Anonymous Physician #1*, 51 N.E.3d 391, 395-96 (Ind. Ct. App. 2016) (citing Ind. Code §§ 34-18-8-4, 34-18-10-22)); *see also Terry*, 17 N.E.3d at 393; *B.R. ex rel. Todd v. State*, 1 N.E.3d 708, 713 (Ind. Ct. App. 2013) ("Simply said, the [MMA] grants subject matter jurisdiction over medical malpractice actions first to the medical review panel, and then to the trial court."). To be clear, the Court's conclusion here does not mean that it is not possible that the Hospital committed malpractice under the circumstances Mr. Semones alleges—instead, it is important to understand that the Court's decision is simply that because Mr. Semones' claims fall

within the purview of the MMA, he was required to first bring them to the IDOI before adjudicating them in court. He does not dispute that he has not done this; thus, these claims against the Hospital must be dismissed.

## IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS** the Hospital's Partial Motion to Dismiss. [Dkt. 42.] The Court hereby dismisses Mr. Semones' claims for negligence, battery, and false imprisonment against the Hospital.

**SO ORDERED.**

Date: 4/11/2023

*Kellie M. Barr*

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

J. David Agnew
LORCHE NAVILLE WARD LLC
dagnew@lnwlegal.com

Alyssa C.B. Cochran
KIGHTLINGER & GRAY, LLP
acochran@k-glaw.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP
jlowe@k-glaw.com

Alex Maurice Beeman
REMINGER CO. LPA
abeeman@reminger.com

Blake Thomas Erickson
OFFICE OF THE INDIANA ATTORNEY GENERAL
Blake.Erickson@atg.in.gov

Lydia Ann Golten
OFFICE OF THE INDIANA ATTORNEY GENERAL
lydia.golten@atg.in.gov